05-7039-cv(L), 07-4739-cv(XAP)
*Sompo Japan Ins. v. Union Pacific*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a  stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of August, two thousand ten,

PRESENT:
>    Hon.  Robert A. Katzmann,
>    Hon.  Barrington D. Parker,
>        *Circuit Judges.**

Docket Nos.  05-7039-cv(L), 07-4739(XAP)

————————————

Sompo Japan Insurance Company of America and Olympus America, Inc.,
>        *Plaintiffs-Appellants-Cross-Appellees*,

— v .—

Union Pacific Railroad Company,
>        *Defendant-Appellee-Cross-Appellant,*

---

* The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009.  The two remaining members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2nd Cir. I.O.P.E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

and

Norfolk Southern Railroad Company,

*Defendant*.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **REVERSED** and **REMANDED** to the District Court for further proceedings.

Defendant Union Pacific Railroad Company ("Union Pacific") appealed from a judgment granting plaintiffs' motion for partial summary judgment, which we affirmed. *Sompo Japan Ins. Co. v. Union Pac. RR. Co.*, No. 02 Civ. 9523, 2007 WL 4859462 (S.D.N.Y. Sept. 26, 2007); *Sompo Japan Ins. Co. v. Union Pac. RR. Co.*, 341 F. App'x 707 (2d Cir. 2009). Union Pacific subsequently filed a petition for a writ of certiorari. The Supreme Court granted the petition, vacated our judgment, and remanded the cause for further consideration in light of *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 130 S. Ct. 2433 (2010). *See* 78 U.S.L.W. 3418 (U.S. June 28, 2010). We assume the parties' familiarity with this case's underlying facts and procedural history.

In November 2001, Olympus Optical Co. ("Olympus") shipped four containers of digital cameras from Tokyo, Japan through Tacoma, Washington for on-carriage to Woodbury, New York. Olympus contracted with Kawasaki Kisen Kaisha ("K-Line") for the movement, and K-Line issued a through bill of lading that covered the cargo's transport from Japan to New York.

The through bill of lading incorporated by reference K-Line's standard Bill of Lading terms, Clause 4 of which states,

> [w]ith respect to Goods shipped to, from or through US Territories, Carrier's responsibilities during the entire period (and not just during Water Carriage) from the time of receipt of Goods to the time of delivery of Goods shall be governed by the United States Carriage of Goods by Sea Act (US COGSA) and US COGSA shall be deemed incorporated herein during the entire aforesaid period . . . .

Clause 4 goes on the provide that "if US COGSA . . . applies, in no event shall Carrier be or become liable for any loss or damage to or in connection with the transport of Goods in an amount exceeding US$500 per package . . . ."

Olympus was given the opportunity to ship the cargo at the full liability rates under the through bill of lading, but Olympus opted to ship it for a lower freight rate in exchange for a $500 per package limitation of liability. K-Line subsequently subcontracted with Defendant Union Pacific for the rail portion of the movement. Accordingly, following the ocean carriage of the containers from Japan, Union Pacific received the containers in Tacoma, Washington and carried them, by rail, to Chicago, Illinois. In Chicago, Illinois, one of the containers was burglarized. Olympus's insurer, Plaintiff Sompo Japan Insurance of America ("Sompo") paid Olympus for the cargo losses. Subsequently, Olympus and Sompo sued Union Pacific, arguing that Union Pacific was liable for the full amount of losses pursuant to the Carmack Amendment to the Interstate Commerce Act of 1887 (the "Carmack Amendment"), 49 U.S.C. § 11706. Union Pacific argued that the through bill of lading extended to it the limited liability provisions set forth in COGSA, note following 46 U.S.C.§ 30701, thereby capping its liability at $500 per package.

In *Regal-Beloit*, the Supreme Court held that the Carmack Amendment "does not apply

3

to a shipment originating overseas under a single through bill of lading." *Regal-Beloit*, 130 S. Ct. at 2442. Since Union Pacific was not a receiving rail carrier within the meaning of the Carmack Amendment, *see id.* at 2444, pursuant to *Regal-Beloit* and our subsequent decision in *Royal & Sun Alliance Insurance, PLC v. Ocean World Lines, Inc.*, ___ F.3d ___, 2010 WL 2813650 (2d Cir. July 20, 2010), the through bill of lading extended COGSA's $500 liability limitation to Union Pacific.

The judgment of the District Court is reversed and the cause is remanded for further proceedings.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4